IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jessica Lynn Bracknell, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 21-00796 |
| JSC Federal Credit Union;<br>Experian Information Solutions, Inc., | DEMAND FOR JURY TRIAL |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Jessica Lynn Bracknell (hereinafter "Plaintiff"), by and through her undersigned attorney, by way of Complaint against Defendants, JSC Federal Credit Union ("JSC") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices as the FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Jessica Lynn Bracknell, is an adult citizen of the state of Texas, resident of Stafford, TX.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.	Defendant JSC is a credit union organized and existing under the laws of the state Texas and furnishes consumer credit information to consumer reporting agencies. It has its principal place of business located at 1330 Gemini Avenue, Houston, TX 77058.

5.	Defendant Experian is a corporation organized and existing under the laws of the state Ohio and engages in the business of maintaining and reporting consumer credit information in the state of Texas. It has a registered office at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

6.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provide that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.	Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because all defendants are residents of the state of Texas. Venue is also appropriate pursuant to 28 U.S.C. § (b)(2) because Plaintiff resides within this district and a substantial part of the events and omissions giving rise to the herein claims occurred within this district.

## FACTUAL ALLEGATIONS

8.	The consumer report complained of is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

Case 4:21-cv-00796   Document 1   Filed on 03/10/21 in TXSD   Page 3 of 7

9. On or about December 24, 2016, Defendant JSC issued to Plaintiff an installment purchase loan for purchase of a car, account number ending in 2200. The account was routinely reported on Plaintiff's consumer credit report.

10. On March 13, 2020, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas, case no. 20-31741. The filed petition included the installment purchase loan with Defendant JSC within the debts scheduled for discharge. This debt was never reaffirmed, as the conditions imposed by JSC were not reasonable to Plaintiff.

11. Upon successful completion of all legal requirements, on June 23, 2020, the Bankruptcy Court granted Debtor a discharge of her personal liability for her debts. Since the installment purchase loan was listed in Plaintiff's bankruptcy petition and not reaffirmed, Plaintiff's personal liability for said debt was duly discharged by virtue of bankruptcy law.

12. However, *6 months after* the Bankruptcy Court's issuance of the Discharge Order, Plaintiff's account ending with 2200 with JSC continued to be negatively reported and with a balance of $5,599.

13. In particular, in two requested credit reports issued in January 2021 by TransUnion and Defendant Experian, Plaintiff's JSC loan was reported with a status of "Open;" "30 days past due" with a balance of "$5,248."

14. The trade line for the account was inaccurately reported by both credit rating agencies, TransUnion and Defendant Experian. Because her personal liability for the account was discharged as evidenced by the Discharge Order, the account must be reported as discharged with a balance of $0.00.

15. Via two letters dated February 4, 2021 mailed to TransUnion and Defendant

Experian, respectively, Plaintiff notified Defendant JSC of a dispute concerning the account's reporting's completeness and/or accuracy.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Defendant JSC to the Consumer Reporting Agencies via mail, in accordance with 15 U.S.C. § 1681(i) of the FCRA.

17. On February 18, 2021, Plaintiff was notified by Experian of the result of the dispute. Plaintiff thus, requested an updated credit report for review. The tradeline for the JSC account remained inaccurate, as Defendants failed to correct the inaccuracy. In particular, the JSC account ending in 2200 was now reported to Experian as having the higher balance of "$5,599" and being "Past due 60 days." In its response to the dispute, Experian informed Plaintiff they would continue to report the debt as open and reasoning "[t]he company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details."

18. Defendant Experian did not notify Defendant JSC of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify JSC and JSC failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

19. In contrast, in a credit report drawn from TransUnion on February 22, 2021, the same JSC account now appeared as closed as of 12/31/2020, "Account Included in Bankruptcy."

20. If JSC did perform a reasonable investigation of Plaintiff's dispute with Experian as it did with Plaintiff's dispute through TransUnion, Plaintiff's JSC account would be updated to reflect as it now appears with TransUnion, with a status of discharged

8

through Bankruptcy Chapter 7 with a balance of $0.00.

21. Defendant JSC has promised through its subscriber agreements or contracts to accurately update accounts, but JSC has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA. This action has resulted in the intended consequences of inaccurate information remaining on Plaintiff's credit report. In the alternative, JSC never received from Experian the complete and accurate dispute letter Plaintiff sent to Experian on February 4, 2021.

22. Defendants failed to properly maintain and to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Defendant Experian.

23. At all relevant times, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times relevant here, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. JSC is an entity who, regularly and in the course of business, furnishes

9

information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. JSC is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. JSC failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

31. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's dispute concerning her account with JSC.

32. Experian failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

33. As a result of the aforementioned violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at trial.

34. In particular, it has been almost 9 months since the debt with JSC was discharged and eliminated by virtue of bankruptcy law, and it still appears as outstanding and delinquent in Mrs. Bracknell's credit report with Experian.

35. As a result of the above violations of the FCRA, Defendants are liable to

Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $40,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,                                          Dated: March 10, 2021


By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda TX Bar #24106757
Wajda & Associates, PC
10000 North Central Expressway, Suite 400
Dallas, Texas 75231
(214) 396-6008 (phone)
(866) 286-8433 (fax)
nick@wajdalawgroup.com
Attorneys for Plaintiff, Jessica Lynn Bracknell